25-6073 Universitas Education v. Phoenix Charitable Trust Mr. Sandberg I need to start by apologizing. When I came in, I had to make a choice between potentially fighting with the door and interrupting the prior oral argument or closing it as best I could. So I tried not to disrupt anything. I figured fighting with the door was not a good option. I'd like to begin here today by talking about the personal jurisdiction issue. And when we look at that... Oh, excuse me, Counselor, you're representing Phoenix? I am today, yes, sir. Okay, thank you. When we look at this issue, the court lacked personal jurisdiction over Avon, Wyoming, when it lost Article III jurisdiction back in December 2020. The court looks at this under a de novo review, standard of review, because it's a discussion of personal jurisdiction. The prior... Oh, excuse me again, Counsel. How do we have jurisdiction? Phoenix has never... He was a non-party. Let me address that then, Your Honor. And we discussed this in our brief. What we're talking about here today are post-judgment orders. And when we think in terms of post-judgment orders, okay, it begins with the district court's order that any interested parties regarding former SDM Oklahoma could appear in court. And that is what Phoenix did. But they didn't become a party, though. They never were permitted to intervene, were they? Former SDM Oklahoma never asked to intervene. So they did not formally become a party, but they did make filings as an interested party in compliance with the district court's order. Now, when we talk about post-judgment orders, there is precedent for parties who are not parties below to be permitted. Before we get to that, it seems a little nebulous to me. Phoenix is filing documents on behalf of whom? Well, Phoenix... And this is confusing, I think, in some respects, based upon the orders in the district court. Fix that. I'm sorry? Yeah, fix the confusion for me. Well, it's confusing for me. I would never... Well, then you're calling... Court's confused. You're their lawyer. Yeah, but it's confusing for me. And the problem is, it's undisputed. SDM Oklahoma ceased to exist when the merger occurred back in 2017. Additionally... It was merged with another corporation. It was merged with another limited liability company up in Connecticut. But in addition to that... But this is part of the... Excuse me. Isn't this part of the whole David Carpenter debacle? Well, I don't know that I can agree with that, Your Honor. Was it a debacle or was it David Carpenter? Well, I mean, Daniel Carpenter has been accused of a number of things over the years. But he's gone to jail for a pretty long time, too. I cannot dispute that, Your Honor. When we talk about former SDM Oklahoma, though, in addition to the merger, there's another very important aspect to this. The... Not to Texas. The Oklahoma... Sorry, I'm from Dallas. The Oklahoma Secretary of State's office records affirmatively show that SDM Oklahoma ceased to exist in 2018, and it was canceled in 2021. And so it does create some confusion because what we... So who are you... Who are you, Phoenix, filing documents on behalf of SDM's ceased to exist? Well, Phoenix is an interested party here because... How do we know that? The district court authorized it to file, and it has been filing, and in the filing... The district court said any interested party can file, right? Yes. Okay. And what is your interest? And so the interest that SDM... Well, the interest that Phoenix has is it was formerly an owner of what was SDM Oklahoma, and it is an owner in what is now SDM Connecticut, the Connecticut LLC. And so it is fine... Is it Avon Connecticut or SDS Connecticut? I'm confused about that. The name of the entity is SDM Holdings LLC. It is a Connecticut limited liability company. So... And what is Phoenix's interest? I mean... Phoenix's interest... What is the financial interest of Phoenix in these proceedings, and where can I confirm that in the record? Okay. It's in the multiple filings that Phoenix makes, and we also include a discussion of it in our brief. And Phoenix was formerly a owner of what was SDM in Oklahoma, and is a holder, or a member, excuse me, of the SDM entity in Connecticut. And what is happening in the district court, and certainly no disrespect intended to the district court or to this court's prior opinions, but what is happening in the district court is that asset... These policies, these assets that cannot belong to SDM Oklahoma because it hasn't existed for years, are the subject of a receivership via Avon Wyoming. Avon Wyoming has indisputably not existed for even a longer period of time. And so Phoenix is here because it is Phoenix's economic interest or financial interest in these assets as a member of the LLC that actually does exist, which is... And what are the assets? Phoenix thinks it has a claim on. Okay. The assets are a series of insurance policies that were previously owned by SDM Oklahoma when it existed, and are now owned by SDM Connecticut. Let me go about this a slightly different way, because your interest, and I think the jurisdictional issues, depend on what relief you're seeking here. And as I understand it, let's set aside the jurisdictional complaints. You have several types of relief you're seeking. Some have to do with Mr. Carpenter complaining that he didn't get notice of the injunction and that... Or of the contempt proceedings. You admit that you have no right to be arguing on behalf of Mr. Carpenter on those issues, don't you? Well... No, you have... I mean, he's the person who has to bring those claims. Well, I... Isn't that correct? No, Your Honor. And here's why, if I may expand on that. Okay. I'd be very interested. All right. In order for the injunction to have been properly entered against Mr. Carpenter, Mr. Carpenter had to receive notice, not of the order. He had to receive notice before the order was entered, and that's clearly set forth in the law. Who's the entered party on those things? It's Mr. Carpenter. You're arguing Mr. Carpenter's interest. You represented him in other things, I gather, so you'd like to help him, but not in this case. He's... He has to be a party to this appeal for those issues to be before the court, does he not? Well, but the problem then becomes this, Your Honor. If a party, it becomes the subject of an injunction order without the proper procedure, without being given actual honest-to-goodness service of the motion that requests the injunctive relief, okay, then who comes forward to ask the district court, please give this some more thought, because... He does. Well, why not the party? Why not the actual parties that are all... Because they're not affected. If he's concerned about this injunction and he's bound by an injunction when he didn't get notice and so on, then he can seek a declaratory judgment. He can refuse to comply with the injunction and say, you can't hold me responsible to comply with the injunction because I wasn't properly served. I didn't get notice. Not some friend of his who says, gee, let's take care of this guy. But it goes deeper than that, Your Honor, if I may, and the reason is this. Phoenix is already in the district court as an interested party, and it has an interest in not seeing injunctions entered without the rules of civil procedure being complied with. It has an interest if it didn't get notice or if it didn't, it wasn't properly served or if it's improperly named an injunction, it can do that. It can't complain about somebody else. That's their job. You're interested in it because you like the guy and maybe he's paid you in the past. That is not the ground, and that's not a bad thing, but we don't have to listen to you in that circumstance. We shouldn't listen to you. We don't have a right to listen to you. So I'm not going to pursue that anymore. You don't have an argument there. The only other relief you're seeking is with respect to double recovery. How is Phoenix affected by double recovery? And if I may, Your Honor, here's the issue when it comes, and it's broader than just double recovery, because when we look at the Tenth Circuit's recent opinion in Earth Grains Bakery, which we cited too, and when we look at the Alliance for Hippocratic Medicine opinion, that's the United States Supreme Court opinion, 602 U.S. 367, in particular page 380. When it comes to post-judgment orders, non-parties with an interest are allowed to make appellate arguments. Having said that, and that is part of the one satisfaction issue as well, which the court is interested in. I can see some merit there if I can see what your interest is, and that's why I wanted to get to what you're seeking here. You have no legal interest in protecting Mr. Campbell with respect to the injunction. I can't see that. What is your interest with respect to double recovery? How is Phoenix being injured by your alleged double recovery? Phoenix is being injured because the insurance policies are now owned by SDM Connecticut. SDM Connecticut is not a party to the civil proceeding in the district court. SDM Connecticut, and the court has said, interested parties regarding former SDM Oklahoma may appear as interested parties. As an owner of SDM Oklahoma, when it still existed, that is what has brought Phoenix to the court. The party that may have to pay more than it should because of improper double recovery is the LLC in Connecticut. Yeah, where are they in this case? Well, Your Honor, Phoenix is not having to pay double recovery to anybody. But the problem is, it is Phoenix's membership, and the district court has said, interested parties may appear. Yes, that's fine, but the fact that you appear doesn't mean you're interested. The fact that the judge allowed, he didn't let you intervene, but he heard from you. So you can make arguments. You're almost like an amicus. You're essentially an amicus, which is fine. But when you want to appeal the result, and you're challenging double recovery, you've got to explain what your interest is in the double recovery. Then we can decide whether you're appropriately before us. I haven't heard. And the interest is, these are post-judgment orders, and we fall within the scope of the United States Supreme Court case in Alliance for a Democratic Court and Earthwise. You don't fall within the scope of anything until you identify the interest. The interest is... How are you affected by double recovery? Just tell me that. Well, the interest is financial, Your Honor. These are assets of the Connecticut entity. They're not assets of Phoenix. Well, but Phoenix is a member, and there's no basis for the district court in Oklahoma having jurisdiction over Connecticut. How many other members are there? I may be off by one, but I believe there are a total of five members. So there would be four others. So the problem is, you have a district court entering orders about assets that used to be the assets of an entity that clearly no longer exists as part of a receivership over an entity, Avon, Wyoming, that clearly no longer exists. And you have an entity in Connecticut... That does exist... That does exist... And could defend its interest. The judge said, I'll let interested parties in. So the SDM, the LLC in Connecticut... I'm not going to try to get the name right. The LLC in Connecticut could come and appear as an interested party. There are other members. You could easily, as a member, you have enough influence, I'm sure, to get that company to try to participate as an interested party in Oklahoma. But that wasn't how you did it. You have Phoenix. But the problem becomes this thing, Your Honor. It's a due process issue, because then the district court, through its actions, and this court, should it write an opinion consistent with the comments from the bench, is forcing a Connecticut entity to appear in Oklahoma when there is no minimum contacts. There are no claims, actually, against it. And I see I have run out of time. May I continue? I'm going to make you continue. So what was the last thing you said? Because it seemed to resolve the case. If the LLC in Connecticut is not being ordered to pay money, is it? Well, what has been... Did the judgment, in this case, in district court, order the Connecticut LLC to pay any money to anybody? Well, it ordered something else the equivalent of that, which is it ordered that the Connecticut LLC's policies be sold. So it very much has a financial interest. What do you mean by its policies? Who owns those policies? Those policies are owned by SDM Holdings LLC, which is a Connecticut LLC. Okay. And it's ordering those policies be sold to pay off the debts of... A judgment against Avon Wyoming that was entered in the Western District of Oklahoma under an unpleaded alter ego theory. So if it's... So it's being ordered as the Connecticut... I'll just say Connecticut LLC is being ordered to sell some insurance policies and use the proceeds to pay University Tax. Is that right? Well, just one aspect of it. I would put it in these terms. The district court in Oklahoma has ordered that the policies be sold... By whom? By a manager who has been appointed, a manager of former SDM Oklahoma, who has in turn been appointed by the trustee over former Avon Wyoming. So SDM Connecticut hasn't been ordered to sell its policies, but the court has ordered that the policies be sold. And you're saying the Connecticut LLC can't... It's not being ordered to do anything. Its assets are being taken from it. Well, who decides that it's their assets? Is that what they say? Apparently it's being managed by somebody else. Somebody's turned over those assets. You know what? I'm taking too much of your time. Maybe I can get some clarification from opposing counsel. I think to resolve things like subject matter jurisdiction, right to appeal, and so on, we need to know what your interest is. I'm not learning very much what your interest is, what Phoenix's interest is in the judgment in this case. I know two of your claims are just for Mr. Carpenter, and you can't be representing him. So let me hear from the other. Okay. May I respond very succinctly? Yes, yes. In addition to the issues regarding Mr. Carpenter, and I believe I've said this a couple of times, but I want to be very direct and try to be very succinct about something, if I may. The policies are owned by the LLC in Connecticut. And we know that because Avon Wyoming doesn't exist, and SDM Oklahoma doesn't exist, and there's the merger documents on file. So I don't know how else to put that, Your Honor. And my concern is that I'm not saying that with sufficient clarity, but that is very much the interest and the policies. Your succinct time is over. Thank you very much for your time. I'd be very indebted if you can clarify these things for me. May it please the Court, Your Honors. My name is Joshua Greenhaw, representing Universitas de Apelli. To the extent these questions can be clarified, this Court has already done it. This Court heard an appeal and issued an opinion December 31st, 2024, in case number 23-6125. I'll refer to that as the prior opinion. Did it resolve the double payment issue? That's the only issue I think is possibly before us. Since I was on the panel, I guess I would say no. It's kind of hard to say because I think, um, Judge Timcovich, I believe you wrote the opinion. And I don't want to quote your words back to you, but I think the other members of the panel may benefit just from hearing what you wrote when you considered these issues. The conclusion of the opinion, the prior opinion says, quote, it is worth pausing to reflect on this case. Yeah, I know what it said, but let's go to the legal issues here. I know this is the third installment of this saga, and that's unfortunate. We need, you know, we need to focus on Judge Hartz's point, is how Phoenix can object to a double recovery by SDM. Yes, Your Honor. Well, let me take those one at a time. One is how can Phoenix object, and then I'll address the double recovery if that would be helpful. Could you start with double recovery? Because to me, knowing what the issue is, is important to all the other issues. Well, quite simply, there's not a double recovery. What is alleged to be the double recovery? What is alleged is that there is a prior settlement in another matter with a bank called WSFS. And there is a one satisfaction rule argument that appellant has made that doctrine does not apply. There is a separate settlement and a separate cause of action against a separate party, WSFS, that occurred. That entity was not jointly and severally liable with any of the entities in this case. It was a separate tort or separate contract?  Can you tell us what it was? Breach of fiduciary duty. The bank was acting as a trustee. And a trustee in matters related to this litigation at all? Tangentially related, yes. So there was, and Universitas lost some money because of that entity's breach of fiduciary duty? Yes. Was it a breach of fiduciary duty in that the entity didn't protect it against these Campbell entities? In part. Well, then there could be overlap. Well, I was under the impression that the one satisfaction rule didn't apply because the respondents were held jointly and severally liable and the full amount of the judgment was not satisfied. Is that correct? That's correct. The judgment debtors in this case were held jointly and severally liable. With WSFS or whatever? No. No, they're separate. The one satisfaction rule would be if I had a judgment, for example, against two tort feasors and they were jointly and severally liable and I collected from 80% of the judgment from one of them, then I can only collect 20% of the judgment from the other one. That is not what is happening here in our brief addresses. How much is the amount of that judgment that they're jointly and severally liable? The WSF judgment? No, the one in this case. The one in this case, and I apologize it's complicated, that there's a $30 million underlying judgment and then the judgment against Avon is $6.7 million, I believe. And how much has been collected? On the judgment in this case is 6.7. I believe. Well, on the 30 million. Approximately, and I apologize, I can't tell you off the top of my head. That information is in our brief and the record. I believe it's about, well, since my involvement in this case, we've collected about $600,000.  And who has to pay this? The argument here is that requiring payment of a judgment would result in double recovery for Universitas. Who, where is the money coming from that constitutes the alleged double payment? The alleged double payment, what Appellant is saying? Yeah. From WSFS, I believe. Well, that's not the judgment in this case. There's a judgment in this case for $6 million or $30 million or something. The portion involved in this portion is $6.7 million. And who's being ordered to pay that? The Avon entities in this case. And have they been ordered to pay it by selling their assets? Judge Heaton appointed a receiver and the receiver is attempting to collect the judgment. And a sale is possible, but that is one of several remedies that the receiver is pursuing, including paying the premiums on the policies and taking money from the policies as they pay out. Does Phoenix have a financial interest in those policies? Not to my knowledge, Your Honor. Well, they said if they have a membership interest in Connecticut, why wouldn't they have some potential claim on Connecticut's assets? The reason for my interest in the quote before highlighted the fact that there are shell claims going on and it is difficult to directly pin that down. I believe that the Connecticut entity could have intervened in this matter and chose not to. I agree with that. And does this record, has Phoenix established anywhere in the record that it does have a financial interest? So far, I think all I've heard is the statements of counsel. That's correct, Your Honor. Is there any kind of documentary evidence? And maybe Mr. Sandberg could have a second to address that. I don't believe so, Your Honor. I've been involved in this case since approximately 2018 and Phoenix just sort of popped up one day. And there are some helpful cases for non-parties participating in an appeal, but I think they need to demonstrate that they're not just a friend of the Corte Micas, that they've affirmatively been harmed. And that's one of my frustrations here is I haven't really seen that, because it's kind of hard to rule in this case if we don't know what's at stake. Yes, Your Honor, I concur. I've struggled with that as well. But, I don't know if I, go ahead.  But you have said. Does Phoenix even have standing in this case? I believe Phoenix does not have standing, Judge Kelly. That it's not a party. It did not file a motion to intervene. It could have sought to do so. In fact, Judge Heaton in the case below just recently declined to vacate one of his orders as requested by Phoenix because he found Phoenix did not have standing. Well, standing is a, is particular to the claim. And no standing. But standing depends on what the claim is. So if, for example, they did own the insurance policies that were going to pay the judgment, and then they could have standing there. But I'm not sure what, all the judgment here does is require certain people to pay certain sums. Yes, Your Honor. Then there's a receivership proceeding where the receiver is trying to find a way to pay that judgment. That's correct. If Phoenix says you're trying to pay that judgment out of insurance policies that I have a financial interest in and you have no right to get to, then Phoenix could participate through the receivership proceedings. Is that correct? It's the same. It's the same proceeding. But it's an ongoing thing. That's why I say the specific thing at stake determines whether they have standing. They have no standing to complain about the amount of the judgment. I believe that's true, Your Honor. This isn't an appeal from the receivership proceedings, is it? It's just an appeal from the underlying case. Well, underlying case, that's what's troubling me. We're speaking much too broadly. This is an appeal of the judgment to pay a certain amount of money. Then there are proceedings to find a way to pay that amount of money. Is that what this is? Is this an appeal from decisions regarding how to pay the judgment? Yes, Your Honor. This is an appeal from decisions that Judge Heaton made to mechanically carry out his orders to pay the judgment.  And Phoenix's complaint is that the receiver . . . Has Judge Heaton approved anything by the receiver yet? Yes. So Judge Heaton's judgment approves the receiver's decision that we need to sell these insurance policies, is that correct? Yes, and that was the subject of the prior opinion. Okay. That was already decided? Yes. That the insurance policies could be sold? Yes. And Phoenix was not a party to that proceeding either. Phoenix, it's instructed to . . . What has happened since our prior decision? Your Honor . . . There's got to be something new that they're appealing. What's new in the judgment of Judge . . . Well . . . The order of Judge Heaton that wasn't resolved in the prior appeal? From our perspective, nothing, Your Honor. Well, I don't think SDM Connecticut existed, did it? I'm sorry. SDM Connecticut did not exist at the time of the prior appeal, did it? I'm unclear. There are so many cases going on. It's a successor to SDM Oklahoma, which is a successor to Avon, Wyoming, and I do recall that Avon, Wyoming was in the prior case. Yes. Was there any discussion in the prior litigation before this order of Judge Heaton? Any discussion about selling the insurance policies? Before the orders that Phoenix is attempting to appeal today? Yes.  What I can see is Phoenix . . . If Phoenix is a member of an LLC that owns insurance policies that the judge has ordered to be sold to pay a judgment, then Phoenix might have an interest, might have enough interest for Article III standing. I still got a problem for a member of an LLC having the right to bring the case.  We've seen no evidence to support Phoenix's position. In fact, if I may, Phoenix has put this note on a bunch of documents that's filed in the case. Phoenix does not consent to the jurisdiction of the court beyond Phoenix's compliance with the court's order, and Phoenix does not consent to jurisdiction of the court over Phoenix, i.e. Phoenix is filing this document solely as a, quote, interested party. It seems to be straddling the fence. I've never seen anything like it in my career, Your Honor. All right, well, to wrap things up, I think the best case that Phoenix has is a case called Plain on the interested party with a unique interest being able to appeal, even if they were non-parties below. Can you distinguish that? Are you talking about the Earthgrains case? No, I'm talking about Plain. I don't have the full quote. P-L-A-I-N, 2002, Tenth Circuit. Plain v. Murphy Family Farms, Tenth Circuit, 2002. Okay, Your Honor. I don't see that in the table of authorities for either of Phoenix's briefs in this matter. Perhaps we cited it. One moment. Bottom line is you can't distinguish it. I'm sorry, Your Honor. I can't distinguish it right now. Your time has expired. Your Honors, thank you for the opportunity to be here. Oh, go ahead, Judge Kelley. Do you have a question? One of the things that's got to be shown, at least as my understanding, is that there's cause for their failure to intervene. And I haven't heard anything on why they didn't file a motion to intervene. Me neither, Your Honor. Okay. Thank you, Your Honor. Case submitted. Counselor excused.